IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXIS APRIL RICHARDSON** : | **CIVIL ACTION** |
| : | |
| v. : | **NO.  22-3485** |
| : | |
| **PECO ENERGY, PENNSYLVANIA** : | |
| **PUBLIC UTILITY COMMISSION** : | |

# MEMORANDUM

**KEARNEY, J.**                                                                                                              September 13, 2022

      Alexis April Richardson *pro se* sues her electric provider PECO Energy Company and the Pennsylvania Public Utility Commission claiming PECO's shutoff notice earlier this year for nonpayment of a disputed bill violates the Fair Debt Collection Practices Act, the False Claims Act, and the Equal Credit Opportunity Act. She specifically alleges PECO sent her bills with false and misleading information and then threatened to shut off service for nonpayment. We granted Ms. Richardson leave to proceed without paying the filing fees based on her sworn indigency. We now must screen her Complaint for merit consistent with Congress' mandate.

      Our analysis requires we dismiss Ms. Richardson's claim under the Fair Debt Collection Practices Act with prejudice because PECO and the Commission are not "debtors" under the Act and the Commission is also protected by Eleventh Amendment sovereign immunity. We dismiss Ms. Richardson's False Claims Act claims with prejudice since *pro se* consumers cannot bring a claim on behalf of the government and there is no nexus between her claims and the United States Government under the False Claims Act. Ms. Richardson fails to plead she is an applicant and fails to plead PECO or the Commission are creditors who acted with a discriminatory purpose under the Equal Credit Opportunity Act. We dismiss the Equal Credit Opportunity Act claim without prejudice.

I.   **Alleged *pro se* facts**

Ms. Richardson alleges PECO sent her bills with false claims for payment.[1] PECO sent Ms. Richardson a "Ten Day Shut Off" notice letter on February 25, 2022.[2] PECO required Ms. Richardson to pay $392.65 by April 1, 2022.[3] Ms. Richardson sent the Pennsylvania Public Utility Commission (whom she claims governs PECO) an "Affidavit of Truth" letter on April 1, 2022 following receipt of the PECO bill.[4] Ms. Richardson's letter to the Commission demanded PECO cease and desist after claiming PECO violated the Fair Debt Collection Practices Act.[5]

Ms. Richardson claims the Pennsylvania Public Utility Commission never responded to her letter and PECO continues to send her bills for payment.[6] PECO sent Ms. Richardson a bill totaling $430.26 due on August 11, 2022.[7] Ms. Richardson spoke with Montrell Smith from the Pennsylvania Public Utility Commission on August 23, 2022 and he "threatened" Ms. Richardson he "will be informing [PECO] to move ahead with the process of shutting the service off" at Ms. Richardson's location.[8]

II.   **Analysis**

We granted Ms. Richardson leave to proceed *in forma pauperis* after review of her sworn financial condition. Congress requires we now screen her complaint and dismiss it if we determine her action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[9] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii).[10] We accept all factual allegations in Ms. Richardson's complaint as true and construe those facts in the light most favorable to her to determine whether she states a claim to relief plausible on its face.[11]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings . . . ."[12] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[13] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[14]

Ms. Richardson sues PECO and the Pennsylvania Public Utility Commission for violating the Fair Debt Collection Practices Act, the False Claims Act, and the Equal Credit Opportunity Act. She alleges the "Ten Day Shut Off" notice letter PECO sent her on February 25, 2022 violates the Fair Debt Collection Practices Act because it (1) includes the PECO symbol while attempting to collect a debt ($392.65); (2) states "TEN DAY SHUT OFF NOTICE" which Ms. Richardson claims is obscene and caused her mental anguish and anxiety; and (3) and shows a false amount of debt owed by Ms. Richardson.[15] Ms. Richardson also claims discrimination under the Equal Credit Opportunity Act.[16] Ms. Richardson seeks (1) declaratory judgment declaring her rights as a consumer/natural person; (2) injunctive relief to prevent PECO and the Pennsylvania Public Utility Commission from continuing to invade her privacy and stop unfair, deceptive and abusive collection practices; (3) an order requiring PECO and the Pennsylvania Public Utility Commission to follow the instructions in her cease and desist demand; and (4) any other relief as we deem just.[17] Ms. Richardson does not, and cannot, plead claims under the Fair Debt Collection Practices Act or the False Claims Act requiring we dismiss her complaint with prejudice. We dismiss Ms. Richardson's Equal Credit Opportunity Act without prejudice.

    **A.    We dismiss Ms. Richardson's claims under the Fair Debt Collection Practices Act with prejudice**

Ms. Richardson sues PECO and the Pennsylvania Public Utility Commission for violating the Fair Debt Collection Practices Act. She alleges the two PECO bills threatened her and demanded payment of her utility bills in an incorrect amount.[18]

Congress intended the Fair Debt Collection Practices Act "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[19] Congress through the Fair Debt Collection Practices Act prohibits debt collectors from engaging in certain practices deemed harmful to consumers including: "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."[20] Ms. Richardson must prove "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the [the Fair Debt Collection Practices Act] in attempting to collect the debt" to prevail on her Fair Debt Collection Practices Act claim.[21]

Ms. Richardson cannot plead PECO or the Commission is a debt collector. Congress defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[22] A "debt collector" does not include "creditors who attempt to collect a debt in their own name."[23]

PECO is not a debt collector under the Fair Debt Collection Practices Act but instead a creditor attempting to collect a debt in its own name.[24] Our case is like *Mathis v. Philadelphia*

*Electric Company*, in which our Court of Appeals affirmed the dismissal of a consumer's Fair Debt Collection Practices Act claim against PECO because consumer alleged PECO acted as a "direct creditor" and not a "debt collector." Ms. Richardson alleges she owed her "debt" to PECO as the creditor for the services rendered to her.[25] PECO is not collecting a debt for a third party.[26]

Ms. Richardson also cannot sue the Commission for violating the Fair Debt Collection Practices Act. Ms. Richardson sues a state entity alleging violations of the Fair Debt Collection Practices Act as the "[c]ompany who governs PECO[.]"[27] Ms. Richardson does not plead the Commission is a debt collector and her suit against the Commission is barred by the Eleventh Amendment.

The Eleventh Amendment to the United States Constitution provides sovereign immunity to states from suits brought by individuals.[28] We recognize three exceptions to state sovereign immunity: (1) congressional abrogation, (2) state waiver, and (3) suits against individual state officers for prospective relief to end an ongoing violation of federal law.[29]

Congress may abrogate such immunity if it makes its intention unmistakably clear in the language of a statute.[30] The Fair Debt Collection Practices Act does not contain an express and unequivocal waiver of sovereign immunity.[31]

We are aware our Court of Appeals held the Commission waived its Eleventh Amendment immunity under the Telecommunication Act in *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania* by voluntarily accepting the congressional gift or gratuity of the power to regulate local telecommunications competition under the Act.[32] But we are not presented with suit under the Telecommunications Act. Congress in the Fair Debt Collection Practices Act instead specifically excludes "any officer or employee of . . . any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties[.]"[33]

5

The Commission is a state entity and immune from suit under the Fair Debt Collection Practices Act.[34] Even absent sovereign immunity, Ms. Richardson fails to plead the Commission is a debt collector. We dismiss Ms. Richardson's Fair Debt Collection Practices Act claim against PECO and the Pennsylvania Public Utility Commission with prejudice.

### B. We dismiss Ms. Richardson's claims under the False Claims Act with prejudice.

Ms. Richardson sues PECO and the Commission for violating the False Claims Act by knowingly sending her a false or fraudulent claim for payment.[35] We dismiss this claim with prejudice.

Congress penalizes fraud upon the United States government through the False Claim Act providing, in part, "any person who knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval [or] knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim . . . is liable to the United States Government for a civil penalty . . . ."[36] Congress puts teeth in this penalty by allowing "[a] person may bring a civil action for a violation of [the False Claims Act] for the person and for the United States Government" but "[t]he action shall be brought in the name of the Government" and "[t]he action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."[37]

Congress through the False Claims Act "enables private parties, known as relators, to bring enforcement actions *on behalf of the United States* to recover funds which were fraudulently obtained, and to share in any resulting damages award."[38] These are known as qui tam suits.[39] When a relator files a qui tam suit the action is deemed to be brought "for the person and for the United States Government."[40]

Our Court of Appeals instructs an individual proceeding *pro se* may not represent third parties in federal court and a *pro se* litigant may not pursue a qui tam action on behalf of the government.[41] A relator *pro se* brought an action under the False Claims Act in *Downey v. United States* asserting he "represent[ed] the Federal Government" and sought to eliminate the budget deficit.[42] He never alleged he had a personal interest in the qui tam portion of his suit and as a *pro se* relator could not pursue the claim.[43]

Ms. Richardson similarly cannot pursue a False Claims Act case on behalf of the government because Ms. Richardson is a *pro se* litigant. Ms. Richardson's claim as pleaded also does not seek an enforcement action on behalf of the United States but instead seeks relief only for herself. She does not plead fraud upon the United States. We cannot discern how PECO's bills to Ms. Richardson would involve the United States government let alone fraud upon the government.

We dismiss Ms. Richardson's False Claims Act claims against PECO and the Commission with prejudice because allowing further amendment would be futile.

### C.    We dismiss Ms. Richardson's claims under the Equal Credit Opportunity Act without prejudice.

Ms. Richardson sues PECO and the Commission for discriminating against her under the Equal Credit Opportunity Act.[44] Congress precludes a creditor from discriminating against an "applicant[] with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter."[45]

Congress defines "applicant" for purposes of this Act as a "person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by

7

use of an existing credit plan for an amount exceeding a previously established credit limit."[46] Congress defines "creditor" for purposes of this Act as "any person who regularly extends, renews, *or continues credit*; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit."[47] Our Court of Appeals directs "the hallmark of 'credit' under the [Act] is the right of one party to make deferred payment."[48]

Ms. Richardson alleges PECO and the Commission discriminated against her because she exercised her rights in good faith.[49] Ms. Richardson fails to plead she is an "applicant" who is applying for "an extension, renewal, or continuation of credit[.]"[50] She also does not claim PECO or the Commission denied her credit at any point and we can fairly conclude PECO already provided services to Ms. Richardson on credit before it mailed the disputed bill.

Ms. Richardson fails to plead PECO or the Commission acted with a discriminatory purpose when they sent her the utility bill even if we assume Ms. Richardson is an "applicant" for a "continuation of credit[,]" PECO and the Commission are "creditors" who continue to extend Ms. Richardson credit, and a transaction for electric services is a credit transaction.[51] She points to no act of discrimination by either PECO or the Commission. It appears PECO is trying to collect a disputed bill and Ms. Richardson believes the Commission is controlling PECO. This is not a discrimination case in the extension of credit.

We are also unclear as to whether Congress waived the Commonwealth's sovereign immunity under the Act permitting Ms. Richardson to sue the Commission for discrimination.[52] Our Court of Appeals instructs Congress waived the United States' sovereign immunity permitting applicants to sue the federal government for discrimination under the Act.[53] But our Court of Appeals has yet to decide whether Congress waived state sovereign immunity under the Act.[54]

Ms. Richardson does not plead PECO or the Commission discriminated against her in denying her credit as an applicant. We dismiss Ms. Richardson's Equal Credit Opportunity Act claim without prejudice to her possibly timely filing an amended complaint alleging a fact basis giving rise to a claim under the Equal Credit Opportunity Act.

### III.     Conclusion

Ms. Richardson sues PECO and the Pennsylvania Public Utility Commission under the Fair Debt Collection Practices Act. PECO and the Pennsylvania Public Utility Commission are not "debtors" under the Act and the Pennsylvania Public Utility Commission is protected by sovereign immunity. We dismiss those claims with prejudice.

Ms. Richardson as a *pro se* plaintiff cannot bring a claim on behalf of the government. We dismiss her False Claims Act claims with prejudice.

We dismiss Ms. Richardson's Equal Credit Opportunity Act claims against PECO and the Pennsylvania Public Utility Commission without prejudice for Ms. Richardson to timely amend her complaint if she can do so in good faith.

---

[1] ECF Doc. No. 2 ¶ 6.

[2] *Id*. at Exhibit A.

[3] *Id.*

[4] *Id.* ¶ 6, Exhibit D.

[5] *Id*.

[6] *Id*. ¶ 11.

[7] *Id*. at Exhibit B.

[8] *Id*. ¶ 11.

[9] 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

---

[10] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[11] *Id.* (quoting *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012)).

[12] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[13] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[14] *Id.* (quoting *Mala*, 704 F.3d at 245).

[15] ECF Doc. No. 2 ¶¶ 6–9.

[16] *Id.* ¶ 12.

[17] *Id.* at 4.

[18] *Id.* ¶¶ 1–4.

[19] 15 U.S.C § 1692(e).

[20] 15 U.S.C. § 1692d; *see also* 15 U.S.C. § 1692b(5); 15 U.S.C. § 1692e ("A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.").

[21] *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014).

[22] 15 U.S.C. § 1692a(6).

[23] *Guyton v. PECO*, No. 18-2547, 2018 WL 10016428, at *1 (E.D. Pa. Aug. 24, 2018), *aff'd sub nom. Guyton v. PECO Inc*, 770 F. App'x 623 (3d Cir. 2019).

[24] *Id.* ("[PECO customer] owed the relevant 'debt' (her utility bill) to PECO, as the creditor for services rendered to her. PECO thus is not a debt collector under the [Fair Debt Collection Practices Act].")

[25] *Mathis v. Philadelphia Elec. Co.*, 644 F. App'x 113, 116 (3d Cir. 2016) ("The District Court further properly concluded that [PECO customer] failed to state a claim under the [Fair Debt Collections Practice Act] because his allegations show that PECO is a direct creditor and not a "debt collector" as defined by 15 U.S.C. § 1692a(6).").

[26] *Kneipp v. PECO*, No. 12-5929, 2013 WL 878888, at *2 (E.D. Pa. Mar. 8, 2013) (dismissing Fair Debt Collection Practices Act claim against PECO recognizing "PECO is not in business as a collection agency" but "collects charges in its own name for services it provides").

[27] ECF Doc. No. 2 at ¶ 12.

---

[28] U.S. Const. amend. XI.

[29] *MCI Telecomm. Corp. v. Bell Atl. Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001).

[30] *Dellmuth v. Muth*, 491 U.S. 223, 230 (1989).

[31] *See Williams v. U.S. Dist. Ct. for Dist. of Newark, N.J.,* 455 F. App'x 142, 143 (3d Cir. 2011) ("Congress did not waive the sovereign immunity of the United States in the [Federal Debt Practice Act]"); *Wagstaff v. U.S. Dep't of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007).

[32] *MCI Telecomm. Corp.*, 271 F.3d at 513.

[33] 15 U.S.C. § 1692a(6)(c); *see also Little v. Tennessee Student Assistance Corp.*, 537 F. Supp. 2d 942, 944 (W.D. Tenn. 2008) (recognizing the Fair Debt Collection Practices Act "does not contain an express waiver of a state's sovereign immunity" but instead "the express language of the [Fair Debt Collection Practices Act] exempts states from its provisions.").

[34] *See MCI Telecomm. Corp.*, 271 F.3d at 503 (recognizing the Commission as a state entity).

[35] ECF Doc. No 2 ¶ 10

[36] 31 U.S.C § 3729(a)(1)(A) – (B).

[37] 31 U.S.C. § 3730(b).

[38] *Downey v. United States*, 816 F. App'x 625, 627 (3d Cir. 2020) (emphasis added).

[39] *Id.*

[40] *Id.* (internal citation omitted).

[41] *Id.* (citing *Lazaridis v. Wehmer*, 591 F.3d 666, 672 (3d Cir. 2010)).

[42] *Id.*

[43] *Id.*

[44] ECF Doc. No. 2 ¶ 12.

[45] 15 U.S.C. § 1691(a).

[46] 15 U.S.C. § 1691a(b).

[47] 15 U.S.C. § 1691a(e) (emphasis added).

[48] *Riethman v. Berry*, 287 F.3d 274, 277 (3d Cir. 2002).

[49] ECF Doc. No. 2 ¶ 12.

[50] 15 U.S.C. § 1691a(b).

[51] *See Hartman v. Bank of New York Mellon*, 650 F. App'x 89, 92 (3d Cir. 2016) (affirming dismissal of homeowner's claim under the Equal Credit Opportunity Act where she does not plausibly allege the defendants acted with a discriminatory purpose").

[52] Congress through the Equal Credit Opportunity Act makes it unlawful for a "creditor" to discriminate. 15 U.S.C. § 1691. Congress defines a "creditor" under the Act as "[a]ny person" including "a corporation, **government or governmental subdivision** or agency[.]" 15 U.S.C. § 1691a(f) (emphasis supplied).

[53] *Ordille v. United States*, 216 F. App'x 160, 164 (3d Cir. 2007) (holding the Equal Credit Opportunity Act waives United States' sovereign immunity); *see also Kirtz v. Trans Union LLC*, 46 F.4th 159 (3d Cir. 2022) (finding the Fair Credit Reporting Act like the Equal Credit Opportunity Act waives United States' sovereign immunity). We acknowledge the reasoning of the Court of Appeals of the Fifth Circuit which held the Equal Credit Opportunity Act: "[E]ither waives federal and state immunity together, or waives none at all. But it certainly cannot . . . abrogate the states' immunity and preserve the United States' immunity." *Moore v. U.S. Dep't of Agric. on Behalf of Farmers Home Admin.*, 55 F.3d 991, 994 (5th Cir. 1995).

[54] We are also mindful Congress in the Equal Credit Opportunity Act: "[E]ither waives federal and state immunity together, or waives none at all. But it certainly cannot . . . abrogate the states' immunity and preserve the United States' immunity." *Moore v. U.S. Dep't of Agric. on Behalf of Farmers Home Admin.*, 55 F.3d 991, 994 (5th Cir. 1995).