IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEXIS APRIL RICHARDSON | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  22-3485 |
| | : | |
| PECO ENERGY | : | |
| | : | |

## MEMORANDUM

KEARNEY, J.                                                    October 21, 2022

Alexis April Richardson *pro se* sues her electric provider PECO Energy Company for violating the Truth in Lending Act, the Equal Credit Opportunity Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law. We granted her leave to proceed without paying the filing fees and must screen her allegations before issuing summons. We dismissed Ms. Richardson's Complaint and granted her leave to file an amended Complaint. We now dismiss Ms. Richardson's claims against PECO Energy under the Truth in Lending Act and the Equal Credit Opportunity Act with prejudice. She has not, and cannot, state these claims as a matter of law. An amendment would be futile. We decline to exercise supplemental jurisdiction over her remaining state law claim.

I.     **Alleged *pro se* facts**

PECO Energy Company denied Alexis April Richardson a continuation of credit "with discriminatory and negligent purposes" at some undefined time.[1] Ms. Richardson (although unclear when) used her social security card to complete a PECO application.[2] PECO used her social security card to change "the identity of [her] private consumer transaction into a public commercial transaction for profit and gain, while obligating [her] to pay a due bill (debt) in a

positive amount."[3] Ms. Richardson concludes, as a matter of law, PECO falsely led her to believe it would directly extend her credit.[4]

## II.    Analysis

We granted Ms. Richardson leave to proceed *in forma pauperis* after review of her sworn financial condition. Congress requires we now screen her amended Complaint and dismiss if we find her action frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[5] We apply the same standard used under Federal Rule of Civil Procedure 12(b)(6) when considering whether to dismiss a complaint for failure to state a claim under section 1915(e)(2)(B)(ii).[6] We accept all factual allegations in Ms. Richardson's amended Complaint (as we did with her Complaint in our September 13, 2022 Memorandum) as true and construe those facts in the light most favorable to her to determine whether she states a claim to relief plausible on its face.[7]

We are directed by our Court of Appeals to be "mindful of our 'obligation to liberally construe a pro se litigant's pleadings . . . ."[8] We are to "remain flexible" and "apply the relevant legal principle even when the complaint has failed to name it."[9] But "pro se litigants still must allege sufficient facts in their complaints to support a claim" and "cannot flout procedural rules – they must abide by the same rules that apply to all other litigants."[10]

Ms. Richardson sues PECO for violating the Truth in Lending Act, Equal Credit Opportunity Act, and Pennsylvania Unfair Trade Practices and Consumer Protection Laws.[11] Ms. Richardson asks we (1) declare PECO violated the Truth in Lending Act; (2) award her $5,000 in actual damages under 15 U.S.C. § 1611; (3) award her $10,000 in actual damages under 15 U.S.C. § 1644(a); (4) declare PECO violated the Pennsylvania Unfair Trade Practices and Consumer Law; (5) award her three times the actual damages sustained under the Pennsylvania Unfair Trade

Practices and Consumer Law; and (6) any other relief as we deem proper including costs and attorney fees.[12]

> **A.      We dismiss Ms. Richardson's claim under the Truth in Lending Act with prejudice.**

Ms. Richardson sues PECO for violating the Truth in Lending Act. She alleges PECO unlawfully used her social security card when it "changed the identity of [her] private consumer transaction into a public commercial transaction for profit and gain, while obligating [her] to pay a due bill (debt) in a positive amount."[13] Ms. Richardson claims PECO falsely led her to believe PECO would directly extend her credit.[14]

Congress enacted the Truth in Lending Act  "to assure a meaningful disclosure of credit terms so [ ] the consumer will be able to compare more readily the various credit terms available to [her] and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices."[15] The Truth in Lending Act generally requires a creditor in a consumer transaction to disclose, among other things: "(1) the identity of the creditor; (2) the amount financed; (3) the finance charge; (4) the annual percentage rate; (5) the sum of the amount financed and the finance charge, or total of payments; [and] (6) the number, amount, and due dates or period of payments scheduled."[16] Congress provides a private right of action to all "consumers who suffer damages as a result of a creditor's failure to comply with [the Act's] provisions."[17] Damages claims for Truth in Lending Act violations are subject to a one-year limitations period.[18]

Much like in *Grooms v. Discover Financial. Services*, where Judge Surrick found the consumer "essentially repeats statutory language, invokes legal terms, and asserts somewhat disjointed and confusing allegations against [the credit card company][,]" we are faced with conclusions and no facts.[19] Ms. Richardson largely repeats statutory language from the Truth in

Lending Act making it difficult to understand. She appears to base her claim on PECO unlawfully using her social security card.[20]

We first recognize Ms. Richardson's claim under the Truth in Lending Act may be time barred because a violation must be brought within one year of the date of the occurrence of the violation.[21] We do not know when PECO's alleged violation occurred. Even if not time barred, we find Ms. Richardson's Truth in Lending Act claim still must be dismissed.

If Ms. Richardson is claiming PECO violated the Truth in Lending Act disclosure requirements, she must show PECO qualified as a "creditor" defined as one "who regularly extends consumer credit that is subject to a finance charge or is payable by written agreement in more than 4 installments (not including a down payment)" and to whom the debt in dispute "is initially payable, either on the face of the note or contract, or by agreement when there is no note or contract."[22] Congress' public utilities exception exempts protection under the Act for "[a]n extension of credit that involves public utility services provided through pipe, wire, other connected facilities, or radio or similar transmission (including extensions of such facilities), if the charges for service, delayed payment, or any discounts for prompt payment are filed with or regulated by any government unit."[23] PECO is covered by this exception because it is regulated by the Pennsylvania Public Utilities Commission.[24] But Ms. Richardson does not identify how PECO violated disclosure requirements even if PECO is not covered by the public utilities exception.[25]

We dismiss Ms. Richardson's Truth in Lending Act claims with prejudice. Ms. Richardson fails to plead PECO is subject to the Act's requirements. Ms. Richardson does not identify when or how PECO violated any of its disclosure requirements even if PECO is subject to the Act.  We

cannot discern how PECO could be subject to the Act under the public utilities exception. We dismiss her Truth in Lending Act claim with prejudice.

**B.    We dismiss Ms. Richardson's claim under the Equal Credit Opportunity Act with prejudice.**

Ms. Richardson sues PECO for discriminating against her under the Equal Credit Opportunity Act.[26] Congress precludes a creditor from discriminating against an "applicant[] with respect to any aspect of a credit transaction (1) on the basis of race, color, religion, national origin, sex or marital status, or age (2) because all or part of the applicant's income derives from any public assistance program; or (3) because the applicant has in good faith exercised any right under this chapter."[27]

Congress defines "applicant" for purposes of this Act as a "person who applies to a creditor directly for an extension, renewal, or continuation of credit, or applies to a creditor indirectly by use of an existing credit plan for an amount exceeding a previously established credit limit."[28] Congress defines "creditor" for purposes of this Act as "any person who regularly extends, renews, *or continues credit*; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit."[29] Our Court of Appeals directs "the hallmark of 'credit' under the [Act] is the right of one party to make deferred payment."[30]

Ms. Richardson alleges PECO "with discriminatory and negligent purposes" refused to give her a continuation of credit.[31] But Ms. Richardson points to no act of discrimination by PECO. Ms. Richardson must "allege facts sufficient to make a discrimination claim plausible."[32] She fails to do this. She again does not plausibly show PECO declined to provide an extension of credit for a discriminatory reason. We dismiss Ms. Richardson's Equal Credit Opportunity Act claim with prejudice after having already afforded her an opportunity to plead this claim.

### C.    We will not exercise supplemental jurisdiction over Ms. Richardson's claim under the Pennsylvania Unfair Trade Practices and Consumer Law.

Ms. Richardson invoked our limited federal question jurisdiction. We dismissed all her claims over which we have original jurisdiction. But Ms. Richardson also brings a claim for violations of the Pennsylvania Unfair Trade Practices and Consumer Law.[33]

We could exercise supplemental jurisdiction over Ms. Richardson's state law claim under 28 U.S.C. § 1367(a). But our supplemental jurisdiction is discretionary.[34] We may consider our supplemental jurisdiction *sua sponte*.[35] We "may decline to exercise supplemental jurisdiction" over a claim if one of four factors exist:

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.[36]

We decline to exercise supplemental jurisdiction over Ms. Richardson's state law claim for violations of the Pennsylvania Unfair Trade Practices and Consumer Law because we dismissed all claims over which we have original jurisdiction.[37]

## III.    Conclusion

Ms. Richardson cannot sue PECO under the Truth in Lending Act because of the public utilities exception. Ms. Richardson for the second time also fails to plead PECO discriminated against her under the Equal Credit Opportunity Act. We dismiss these claims with prejudice. We

decline to exercise supplement jurisdiction over Ms. Richardson's state law claim alleging PECO violated the Pennsylvania Unfair Trade Practices and Consumer Law.

---

[1] ECF Doc. No. 7 ¶ 8.

[2] *Id*. ¶¶ 10–11.

[3] *Id*. ¶ 12.

[4] *Id*. ¶ 13.

[5] 28 U.S.C. § 1915(e)(2)(B)(i) – (iii).

[6] *Elansari v. Univ. of Pennsylvania*, 779 F. App'x 1006, 1008 (3d Cir. 2019) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

[7] *Id*. (quoting *Fleisher v. Standard Ins. Co*., 679 F.3d 116, 120 (3d Cir. 2012)).

[8] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (quoting *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011)).

[9] *Yogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (quoting *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)).

[10] *Id.* (quoting *Mala*, 704 F.3d at 245).

[11] ECF Doc. No. 7 ¶ 1.

[12] *Id*. ¶¶ 13–14.

[13] *Id*. ¶ 12.

[14] *Id*. ¶ 13.

[15] 15 U.S.C. § 1601(a).

[16] *Krieger v. Bank of Am., N.A.,* 890 F.3d 429, 432 (3d Cir. 2018) (quoting *Cappuccio v. Prime Capital Funding LLC*, 649 F.3d 180, 188 (3d Cir. 2011)) (alteration in original); *see generally* 15 U.S.C. §§ 1601–04.

[17] *Krieger*, 890 F.3d at 433 (citing 15 U.S.C. § 1640(a)).

[18] *Alejandro v. Freedom Mortg. Corp*., No. 22-900, 2022 WL 3913550, at *4 (E.D. Pa. Aug. 30, 2022).

[19] *Grooms v. Discover Fin. Serv*., No. 21-4265, 2021 WL 6072809, at *4 (E.D. Pa. Dec. 22, 2021).

[20] ECF Doc. No. 7 ¶ 11.

[21] *Alejandro*, 2022 WL 3913550, at *4.

[22] *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 196 (3d Cir. 2019) (citing 12 C.F.R. § 226.2(a)(14)).

[23] 12 C.F.R. § 226.3(c); *see also Aronson v. Peoples Nat. Gas Co.*, 180 F.3d 558, 563 (3d Cir. 1999) (discussing exemption); *King v. Town of Waynesville*, No. 1:02-55, 2003 WL 23354657, at *1 (W.D.N.C. Apr. 14, 2003), *aff'd*, 70 F. App'x 138 (4th Cir. 2003) ("Public utilities which are regulated by the state are exempt from the requirements of [the Truth in Lending Act.").

[24] *See Aronson*, 180 F.3d at 563 (finding Peoples Natural Gas Company files necessary tariffs with the Pennsylvania Public Utilities Commission and is regulated under Pennsylvania law).

[25] *See also Gutierrez v. TD Bank*, No. 11-5533, 2012 WL 272807, at *5 (D.N.J. Jan. 27, 2012) (finding complaint deficient for several reasons, including: "Plaintiffs do not indicate, for example: which exact disclosures required by law were not provided; the nature and extent of any credit reporting which occurred by Defendants in violation of federal law; what, if anything, was inaccurate about such reporting; . . . what representations, if any, Plaintiffs made to Defendants regarding their financial circumstances and their 'ability to repay' justifying their allegations regarding Defendants predation, and so on").

Ms. Richardson also seeks damages under Section 1611 and Section 1664(a) of the Truth in Lending Act. *See* ECF Doc. No. 7 ¶ 14; *see also* 15 U.S.C. §§ 1611, 1644(a). Section 1611 states "[w]hoever willfully and knowingly" fails to comply with the Act "shall be fined not more than $5,000 or imprisoned not more than one year, or both." 15 U.S.C § 1611. This section provides criminal liability for knowing and willful violations of the Act and does not allow Ms. Richardson's to bring private claim. *See Timm v. Wells Fargo Bank, N.A.*, No. 158363, 2016 WL 5852848, at *3 (D.N.J. Sept. 29, 2016), *aff'd*, 701 F. App'x 171 (3d Cir. 2017). Section 1664(a) also imposes criminal liability on those who "knowingly in a transaction affecting interstate or foreign commerce, uses or attempts or conspires to use any . . . fraudulently obtained credit card to obtain money, goods, services, or anything else of value which within any one-year period has a value aggregating $1,000 or more." 15 U.S.C § 1644(a). Ms. Richardson's cannot bring a private claim under those Sections of the Act.

[26] ECF Doc. No. 7 ¶ 1.

[27] 15 U.S.C. § 1691(a).

[28] 15 U.S.C. § 1691a(b).

[29] 15 U.S.C. § 1691a(e) (emphasis added).

[30] *Riethman v. Berry*, 287 F.3d 274, 277 (3d Cir. 2002).

[31] ECF Doc. No. 7 ¶ 8.

[32] *United States v. Union Auto Sales, Inc.*, 490 F. App'x 847, 848 (9th Cir. 2012); *see also Shahin v. PNC Bank*, 625 F. App'x 68, 70 (3d Cir. 2015) ("[W]hile a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss. . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed.") (internal quotations and citations omitted).

[33] ECF Doc. No. 7 ¶ 1.

[34] *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000).

[35] *See Patel v. Meridian Health Sys., Inc.*, 666 F. App'x 133, 136 (3d Cir. 2016).

[36] 28 U.S.C. § 1367(c); *see also Patel*, 666 F. App'x at 136.

[37] 28 U.S.C. § 1367(c)(3).